
FILED

JUN 13 2014

Clerk, U.S. District Court
District Of Montana
Helena

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | Cause No. CR 10-062-BLG-SEH |
| --- | --- |
| Plaintiff/Respondent, | CV 13-104-GF-SEH |
| vs. | ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |
| CAMERON SHAWAYNE SMITH, | |
| Defendant/Movant. | |

This case is before the Court on Defendant/Movant Smith's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Smith is a federal prisoner proceeding pro se.

United States District Judge Jack D. Shanstrom presided over trial and at sentencing. On September 3, 2013, Judge Shanstrom ordered the United States to file an Answer to the § 2255 motion. Order (Doc. 101). The United States complied on January 2, 2014. Answer (Doc. 109). Smith filed a reply on February 18, 2014. Reply (Doc. 113).

Judge Shanstrom has retired. The matter was reassigned. Order (Doc. 102).

## I. Background

Smith was found guilty following trial of conspiring to distribute and to possess with intent to distribute more than 500 grams but less than 5 kilograms of

1

cocaine (Count 1), and of possession of more than 500 grams but less than 5 kilograms of cocaine with intent to distribute (Count 2). Verdict (Doc. 51) at 1-3. On August 3, 2011, he was sentenced to serve 78 months on both counts, concurrently, to be followed by four years of supervised release. Minutes (Doc. 88); Judgment (Doc. 89) at 2-3.

## II. Smith's Claims and Analysis

Smith asserts that a two-level enhancement included in the guideline calculation for possession of a firearm was not sufficiently supported by the evidence. He also contends the Supreme Court's decision in *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2013), provides him a right to relief.

On direct review, the Court of Appeals found the enhancement supported by sufficient evidence. *See* Mem. at 2, *United States v. Smith*, No. 11-30219 (9th Cir. Aug. 10, 2012) (Doc. 96) (unpublished mem. disp.). This Court may not alter its decision unless "the relevant court of last resort" has issued "intervening controlling authority" or has "undercut the theory or reasoning underlying the prior circuit [decision] in such a way that the cases are clearly irreconcilable." *Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc) (quoting *Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc), and *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc)). Smith alleges *Alleyne* undercuts the Circuit's decision in his case and that it can no longer be reconciled with

2

controlling law.

Smith is mistaken. *Alleyne* does not apply. The only factor giving rise to a statutory mandatory minimum sentence in Smith's case was the quantity of cocaine involved. 21 U.S.C. § 841(b)(1)(B)(ii). That amount was found by the jury. Verdict (Doc. 51) at 2, 3. The jury's finding satisfies *Alleyne*, 133 S. Ct. at 2155, and *Apprendi v. New Jersey*, 530 U.S. 466, 483 n.10 (2000). The two-level enhancement under U.S.S.G. § 2D1.1(b)(1) "affected neither the statutory maximum sentence nor any mandatory minimum sentence; thus, neither *Apprendi* nor *Alleyne v. United States* is implicated." *United States v. Vallejos*, 742 F.3d 902, 906-07 (9th Cir. 2014) (citing *Alleyne*, 133 S. Ct. at 2163).

Smith's other issues require little discussion. He frankly acknowledges that *United States v. Nohara*, 3 F.3d 1239, 1243-44 (9th Cir. 1993), requires denial of his claim that counsel did not tell him he could testify at trial. Smith's request for Judge Shanstrom's recusal was mooted by his retirement. There is no filing fee under § 2255 and no further proceedings are required. Smith's motion to proceed in forma pauperis is also moot. Smith is plainly not entitled to relief. No consideration of appointment of counsel or retention of a ballistics expert is necessary. These requests, too, are moot. The request that the caption of the case be altered years after indictment is not supported by any legal authority.

Each and all of Smith's requests for relief are denied.

3

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Smith's claims for relief against the sentence are controlled by *United States v. Vallejos*, 742 F.3d 902, 906-07 (9th Cir. 2014), and *United States v. Nohara*, 3 F.3d 1239, 1243-44 (9th Cir. 1993). His motion to alter the caption of the case is not supported by legal authority. His other claims are moot. There is no reason to encourage further proceedings. A COA is not warranted.

**ORDERED**:

1. Smith's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 99) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall

4

immediately process the appeal if Smith files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 13-104-GF-SEH are terminated and shall close the civil file by entering judgment in favor of the United States and against Smith.

DATED this 13th day of June, 2014.

Sam E. Haddon
United States District Court